**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CR No. 05-46T** |
| | : | |
| | : | |
| **SAMBATH PHO** | : | |

**GOVERNMENT'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) AND U.S.S.G. §§ 1.B1.10, 2D1.1**

## INTRODUCTION

The defendant has filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses. The United States agrees that the amendment to the Guidelines applies to this case and that the new Guideline range is 70-87 months. The United States recommends re-sentencing defendant to the bottom of the revised Guideline range (i.e., 70 months). Defendant, however, should not be sentenced to a term of imprisonment below the bottom of the revised Guideline range.

**BACKGROUND**

On June 10, 2005, defendant Sambath Pho ("Pho") pled guilty to a one count Information charging him with possession of more than five grams of cocaine base with attempt to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). The charge carried a mandatory minimum sentence of five years imprisonment. Pursuant to Guideline Section 2D1.1(c) as it existed at that time, the defendant's final Offense Level, after a reduction for acceptance of responsibility, was Level 29, with a Guideline range of 87-108 months.

On September 16, 2005, the Court sentenced Pho to a below-Guideline sentence of 64 months imprisonment, applying a 20:1 crack-powder ratio in lieu of the 100:1 ratio that existed in the Guidelines at that time. The case was remanded for resentencing by the Court of Appeals and, on June 23, 2006, the Court sentenced defendant to 87 months imprisonment, the low-end of the Guideline range.

On March 31, 2008, the United States Court of Appeals vacated the defendant's sentence in light of the amendments to the crack-cocaine Guidelines and remanded the case to the District Court for resentencing.

## ARGUMENT

Effective November 1, 2007, the Sentencing Commission amended Guideline Section 2D1.1(c) to reduce the offense levels, and correspondingly the Guideline ranges, applicable to crack cocaine offenses. This lowering of the Guideline range by the Sentencing Commission opened the door to the possibility of sentence reductions under Title 18, United States Code, Section 3582(c)(2) for defendants previously sentenced and serving terms of imprisonment for crack offenses. Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 3582(c)(2)(emphasis added). The threshold issue for already imprisoned defendants seeking to benefit from the new, reduced crack cocaine offense levels, however, was whether the "applicable policy statements issued by the Sentencing Commission" made those reduced offense levels retroactive.

Guideline Section 1B1.10 is the policy statement which governs whether amendments to the Guidelines apply retroactively.[1] Amendments to the Guidelines that apply retroactively are listed in subsection (c) of Section 1B1.10. On December 11, 2007, the Commission issued a revised version of Section 1B1.10. Subsection (c) of Revised Section 1B1.10 added Amendment 706, the November 1, 2007 amendment to the Guidelines which reduced the offense levels for crack offenses, to the list of Guideline amendments that have retroactive effect.

Accordingly, here, the defendant's crack cocaine sentence may be reduced pursuant to 18 U.S.C. § 3582(c)(2). A reduction is not axiomatic, however, because whether or not to reduce the defendant's sentence is within the Court's discretion; the Court need not grant the reduction. Furthermore, there is a floor beyond which the Court may not go: the low end of the new guideline range.

With respect to the discretionary nature of this Court's authority, that discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). Similarly, Application Note 1(b)(i) to Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." All courts are in accord on this point. United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." Vautier, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

In other words:

> the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact.

Vautier, 144 F.3d at 760. Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.[2]

---

[2] The Eighth Circuit has also endorsed and explained at length this two-step procedure. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc), citing United States v. Wyatt, 115 F.3d 606 (8th Cir. 1997). In United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000), the Fourth Circuit stated that it disagreed with the need for or utility of the two-step method. However, the essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record. The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the

Pursuant to subsections (i), (ii) and (iii) to Application Note 1(B) to Guideline Section 1B1.10, the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations (Subsection (ii)), and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative (Subsection (iii)). Subsections (i), (ii) and (iii) all state, however, that these factors are relevant in determining whether and by how much to reduce a sentence only within the limits set forth in Section 1B1.10(b).

It is that section, Guideline Section 1B1.10(b), which sets the floor for any reduction in sentence. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission, in turn, directed in Section 1B1.10(b)(2) that, with one exception, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than

---

Section 3553(a) factors in determining whether to reduce the sentence.

the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A) (emphasis added).

The sole exception by which a court has the authority to sentence below the revised Guideline range is if the defendant's "original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate." (Guideline Section 1B1.10(b)(2)(B), emphasis added).3

In this case, the Court does not have the authority to sentence Pho below the revised Guideline range because the original sentence was within the Guideline range. The "original" sentence for the purposes of this re-sentencing was 87 months, the bottom of the applicable Guideline range. Although the Court did originally sentence Pho to a below Guideline sentence of 64 months, that sentence was vacated and remanded by the Court of Appeals. On remand, the Court sentenced Pho to 87 months imprisonment, the bottom of the Guideline range. It is that sentence that the defendant moves

3 Section 1B1.10(b)(2)(B) further provides that if the defendant's original sentence "constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."

to modify under 18 U.S.C. § 3582(c)(2). As defendant was sentenced within the Guideline range, the Court may not re-sentence defendant to a sentence below the revised Guideline range.

Application Note 3 to Section 1B1.10 confirms the point:

> "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1).[4]

---

[4] Application Note 3 to Section 1B1.10 provides an example of this rule:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

Accordingly, if this Court decides to reduce the defendant's sentence, the extent of the reduction is strictly limited -- here, because the sole exception does not apply, to the low-end of the new Guideline range.

Applying these principles here, the defendant's final offense level (after a reduction for acceptance of responsibility) is now 27. Taken together with the defendant's criminal history category of I, this yields a Guideline range of 70-87 months. The original Guideline range was 87-108 months. Consistent with the original Plea Agreement, the Government will recommend a sentence of 70 months, the low end of the new Guideline range. The Court has the discretion to reduce the defendant's sentence from 87 months, but such reduction may not result in a sentence below 70 months, the low end of the new Guideline range.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Lee H. Vilker
LEE H. VILKER
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza - 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
lee.vilker@usdoj.gov

Dated: May 2, 2008

Certificate of Service

I hereby certify that on the 2nd day of May, 2008, I caused a copy of the within "Government's Memorandum In Response To Defendant's Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1.B1.10, 2D1.1" to be served by way of the Electronic Case Filing System upon Edward C. Roy, counsel for the defendant.

/s/ Lee H. Vilker
LEE H. VILKER
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza - 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
lee.vilker@usdoj.gov